UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 3:13-00271 |
| | ) | |
| JAMES O. DAVIDSON | ) | |

## ORDER

Defendant James Davidson is charged in a four count Indictment with conspiracy to distribute and possession with intent to distribute crack cocaine (Count One), distribution of crack cocaine (Count Two,) possession with intent to distribute crack cocaine (Count Three), and unlawful structuring financial transactions to avoid reporting requirements (Count Four). He now moves to sever the structuring count from the drug counts (Docket No. 32), which the Government opposes (Docket No. 33).

Rule 8(a) of the Federal Rules of Criminal Procedure governs whether multiple offenses may be joined in a single indictment by providing:

> The indictment or information may charge a defendant in separate counts with 2 or more offenses if the offenses charged—whether felonies or misdemeanors or both—are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan.

Fed. R. Crim. P. 8(a). "[T]he spirit of Rule 8(a) . . . is to 'promote the goals of trial convenience and judicial efficiency,'" United States v. Tran, 433 F.3d 472, 478 (6th Cir. 2006) (citation omitted), and the Sixth Circuit "construes Rule 8(a) in favor of joinder and evaluates whether joinder was appropriate based upon the four corners of the indictment." United States v. James, 496 Fed. Appx. 541, 546 (6th Cir. 2012).

"If the requirements of Rule 8 are not met, 'the district court has no discretion on the

1

question of severance.'" United States v. Cody, 498 F.3d 582, 586 (6th Cir. 2007).  However, even if the joinder of offenses is proper, a severance may still be ordered under Rule 14 which provides:

> If the joinder of offenses or defendants in an indictment, an information, or a consolidation for trial appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires.

Fed. R. Crim. P. 14(a).  Whether to grant a severance lies in the sound discretion of the Court, and abuse occurs only where there is a "strong showing of prejudice," that is, "that joinder would compromise a specific trial right or prevent the jury from making a reliable judgment about guilt or innocence." Tran, 433 F.3d at 478.

In this case, Defendant cites no authority for the proposition that joinder of the drug counts and the structuring count is, perforce, a misjoinder, and there are cases which indicate that such joinder may be proper.  See United States v. Hosseini, 679 F.3d 544, 554 (7th Cir. 2012) (motion for severance was properly denied where "conduct forming the factual basis for the drug-conspiracy charge against [defendant] was part of the same series of acts and transactions as the RICO-conspiracy and money-laundering charges); United States v. Turrentine, 2008 WL 5274441, at *10 (E.D. Mo. Nov. 12, 2008) ("The Court finds that joinder is proper here, as the cocaine conspiracy and the money laundering and structuring activities are all constituent parts of a common scheme.").  Nevertheless, he argues that "according to the discovery provided by the government, count 4 allegedly involves bank transactions conducted by the defendant at the behest of a Christy Starks in order to avoid the reporting requirements of 31 U.S.C. § 5326," but, "[u]pon information and belief, neither Ms. Starks nor the bank transactions have any relationship whatsoever to the drug charges alleged in counts 1 through 3."  (Docket No. 32 at 1-2).  Defendant also asserts "that evidence in Count 4 is completely distinct and separate from that of the drug sale counts," and that

2

"[t]here simply is no evidentiary 'overlap' that make permissive joinder appropriate." (Id. at 2).

In response, the Government argues that the time frame of the offense alleged in Count Four is within the time frame of Count One. Further,

> [t]he government anticipates that the evidence will show that the defendant received a substantial amount of money from another individual, CS, for safekeeping. The government anticipates that the proof will show that the defendant put the money in two bank accounts that he controlled. The proof will show that the defendant made a series of cash withdrawals in amounts less than $10,000 in an effort to avoid the bank making reports to the government of the cash withdrawals. The government anticipates that the evidence will show that the defendant used some of the cash he withdrew to purchase substantial amounts of cocaine for distribution including cocaine the defendant provided or caused to be provided to CS. The fact that defendant used some of the cash to obtain cocaine provides a motive for the defendant trying to cause the bank not to report the currency transactions made by the defendant.

(Docket No. 33 at 2).

As already suggested, whether joinder "is proper under Rule 8(a) is determined by the allegations on the face of the indictment.'" United States v. Locklear, 631 F.3d 364, 368 (6th Cir. 2011) (quoting United States v. Chavis, 296 F.3d 450, 456 (6th Cir.2002)). "In most cases, the absence of evidence at trial linking two sets of charges results in misjoinder only if the indictment was drawn up in bad faith— *i.e.* where the government knew it could not prove a link between the charges at trial." United States v. Deitz, 577 F.3d 672, 691 (6th Cir. 2009).

There is no indication that the Indictment was drawn up in bad faith, and the face of the Indictment suggests a connection between Counts One and Four. In Count One, Defendant is charged with conspiracy to possess and/or distribute 280 grams or more of crack cocaine between November 1, 2008 and June 3, 2009. This is a significant amount of crack and exposes Defendant to a potential sentence of 10 years to life. In Count Four, Defendant is charged with structuring transactions within that same time frame, specifically between November 24, 2008 to December 22,

2008 "as a part of a pattern of illegal activity involving more than $100,000 in a 12-month period." (Docket No.1, Indictment Count 4). These two offenses are not "of the same or similar character" within the meaning of Rule 8(a), but, depending how the evidence comes out, might be "connected" or "constitute part of a common scheme or plan." Fed. R. Crim. P. 8(a).

Moreover, "a strong policy presumption exists in favor of joint trials when charges will be proved by the same evidence and result from the same acts," because "[s]eparate trials produce additional labor for judges and juries, which results from the unnecessary repetition of evidence and trial procedures." United States v. Caver, 470 F.3d 220, 238 (6th Cir. 2006). This presumption in favor of joint trials, while usually expressed in the context of trying defendants jointly, is also applicable to the joinder of offenses, and "[j]oinder is proper where the same evidence may be used to prove each count . . . or if the counts have a 'sufficiently logical connection.'" United States v. Page, 657 F.3d 126, 129 (2nd Cir. 2011) (citation omitted).

Of course, even where counts are properly joined, the Court can order severance if trying the counts would compromise a specific trial right or "prevent the jury from making a reliable judgment about guilt or innocence." Zafiro v. United States, 506 U.S. 534, 539 (1993). However, "Rule 14(a) requires that the counts in an indictment be severed only when the defendant demonstrates that he will be prejudiced by the joinder of the charges," Deitz, 577 F.3d at 692, and Defendant has made no such showing in this case. "Even where the risk of prejudice is high," – something not established in this case – "'less drastic measures, such as limiting instructions, often will suffice to cure any risk of prejudice.'" United States v. Driver, 535 F.3d 424, 427 (6th Cir. 2008) (citation omitted). The Court has no doubt the jury in this case will be able to follow its instructions and consider the drug counts separately from the structuring counts, and render a proper verdict based

upon the evidence introduce in relation to each count.

Accordingly, Defendant's "Motion to Sever Offenses" (Docket No. 32) is hereby DENIED.

It is SO ORDERED.

_____
KEVIN H. SHARP
UNITED STATES DISTRICT JUDGE